UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| v. | § | CRIMINAL No. 2:00CR10(2) |
| MARVIN DUANE HURD | § | |

REPORT & RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

On October 3, 2005, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Marvin Duane Hurd. The government was represented by Jim Noble, Assistant United States Attorney for the Eastern District of Texas, and the defendant was represented by court appointed counsel, Greg Waldron.

Defendant originally plead guilty to possession of cocaine base with intent to distribute within 1000 feet of a playground, in violation of 21 U.S.C. § 860, a Class B felony. On February 23, 2001, U.S. District Judge Thad Heartfield sentenced the defendant to 41 months in prison followed by 6 years supervised release.

Under the mandatory conditions of supervised release imposed by the Court, defendant was prohibited from any unlawful use of a controlled substance, and was required to submit to one drug test within 15 days of release from prison and at least two drug tests thereafter. Defendant was released from prison on February 14, 2005, and tested positive for marijuana on February 19, 2005. Thereafter, on June 1, 9, 14, 22, 23, 28, 2005 and July 7, 12, and 14, 2005, defendant tested positive for cocaine. As a result of these violations, the government has brought a petition to revoke defendant's supervised release in favor of a term of imprisonment.

Pursuant to 18 U.S.C. § 3583(g)(4), the Court shall revoke a term of supervised release and impose a term of imprisonment if a defendant tests positive for a controlled substance more than 3 times in one year. Defendant tested positive for marijuana once and tested positive for cocaine 9 times while on supervised release, therefore the Court must revoke defendant's term of supervised release in favor of a term of imprisonment. As defendant was originally convicted of a Class B felony, the Court may impose a term of imprisonment no longer than three years. 18 U.S.C. § 3583(e)(3). Furthermore, U.S.S.G. § 7B1.1(a)(3) provides that defendant's use of marijuana and repeated use of cocaine constitute Grade C violations and subject defendant to a guideline range of 3 to 9 months. U.S.S.G. § 7B1.4(a).

Faced with the government's evidence, defendant plead True to violating a mandatory condition of supervised release requiring him to refrain from unlawfully using any controlled substance, and the government recommended the Court impose a term of imprisonment of 6 months with no supervised release to follow. The defendant had no objection to the government's recommendation, but requested that the Court recommend that the term of imprisonment be served at FPC Texarkana.

The Court finds that the defendant's plea was made freely and voluntarily and that the defendant is competent to enter this plea. Pursuant to the Sentencing Reform Act of 1984, the Court recommends that the defendant, Marvin Duane Hurd, be committed to the custody of the Bureau of Prisons for a term of imprisonment of 6 months with no supervised release to follow to be served at FPC Texarkana.

**SIGNED** this **4** day of **October, 2005.**

2

HARRY W. McKEE
UNITED STATES MAGISTRATE JUDGE